Daniel, J.
 

 First, the charge of his Honor, as to the capacity of the mother to bring the action, we think was right.— The defendant was the agent of the mother, and he received the money from her, as her money, to purchase slaves for her benefit. It does not appear, that the defendant, at the time he received the money, had any notice that the two children had any interest in it. It had no ear-mark, and, therefore, he could not be held liable for it.
 

 Secondly ;
 
 the defendant insisted, that the jury should have inferred, as Buchanan admitted he received a part of the, debt, under an attachment in Georgia, that he had in fact and law received the whole. The judge told the jury, that there was no evidence, from which they could make any such inference; and that the plaintiffs were entitled to a verdict for the balance not received. This, we think, was right. The defendant did not produce any record of a judgment in an attachment suit in Georgia, to shew that the simple contract between the parties had been merged in the judgment.
 

 Thirdly ;
 
 the defendant relied on the acts of limitation.— The Court charged, thal, although the plaintiffs might, after a reasonable time, have brought an action of assumpsit against the defendant for a breach of a special undertaking on his - part to pürchase the said two negro boys, that did not prevent them from considering the defendant as their agent, up to the demand of the money, which took place within less than three years before the bringing of this action ; that, until the demand. the act of limitations did not commence running, as the
 
 *602
 
 possession of the agent was not adverse, but was the possession of the principal: and that the cause of action was not cotn- , . píete, until a demand. All the judge said seems to us to be correct> if the defendant had purchased'the two negro boys for the plaintiffs, as he promised, they would not have been considered
 
 his
 
 negroes ; they must in law have been held by him, as the bailee of the plaintiffs, and, therefore, the act of limitations would not have run against the plaintiffs. So, we think, that the money, with which he was to purchase the slaves, being placed in his hands as an agent by way of trust, remained in the same way, unaffected by the statute of limitations until the demand, or the bringing of the attachment in Georgia, if any was ever brought there, which doth not appear in the cause by any proper evidence. If the act of 1715 does not bar, by the lapse of three years, where the defendant is an agent, neither will the act of 1826; because there must be a cause of action existing before the time, when either of the said acts can commence running. And before the demand by parol in North Carolina, or by suit in Georgia, there was no cause of action existing in this case.
 

 We are of opinion that the judgment for the plaintiffs was proper and must be affirmed.
 

 Per Curiam, Judgment affirmed.